# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMC INVESTORS, LLC,<br><br>            Debtor. | Chapter 7<br><br>Case No. 08-12264 (CSS) |
| In re:<br><br>AMC INVESTORS II, LLC,<br><br>            Debtor. | Chapter 7<br><br>Case No. 08-12265 (CSS) |
| EUGENIA VI VENTURE HOLDINGS, LTD., ON BEHALF OF AMC INVESTORS, LLC, and AMC INVESTORS II, LLC,<br><br>            Plaintiffs,<br><br>v.<br><br>MAPLEWOOD HOLDINGS, LLC, MAPLEWOOD MANAGEMENT LP, MAPLEWOOD PARTNERS LP, ROBERT V. GLASER, and ROBERT J. REALE,<br><br>            Defendants. | Adv. Pro. No. 11-52317<br><br>Adv. Pro. No. 11-52318<br><br>**Hearing**: May 2, 2013 at 11:00 a.m. (ET)<br>**Objection Deadline**: April 23, 2013 at 4:00 p.m. (ET) |

## ADVERSARY DEFENDANTS' MOTION FOR PROTECTIVE ORDER

MapleWood Holdings LLC, MapleWood Management LP, MapleWood Partners LP, Robert V. Glaser and Robert J. Reale (collectively, the "**Adversary Defendants**"), by and through their undersigned counsel, hereby move pursuant to rule 7026 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 7026-1 and 7030-1 of the Local

{26142935;4}

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for a protective order relating to any depositions noticed by adversary plaintiff Eugenia VI Venture Holdings, Ltd. ("**Eugenia**"), (suing derivatively on behalf of AMC Investors, LLC and AMC Investors II, LLC (collectively, the "**Debtors**"), in the above-referenced actions).[1]

### INTRODUCTION

1. The parties to these adversary proceedings have been litigating against each other for many years, in many different actions in numerous courts, regarding claims arising out of the same factual nucleus. In this motion, the Adversary Defendants seek to prevent duplicative deposition questioning on issues that were exhaustively covered in those other actions. In order to prevent the harassment, undue burden and expense inherent in allowing Eugenia to re-depose individuals and corporate representatives regarding matters on which it, and its counsel, have previously deposed these parties, the Adversary Defendants are seeking to limit the scope of the depositions in the present actions to topics on which these individuals have not been previously deposed.

2. The Adversary Defendants also seek to allow depositions taken in other, related litigation to be treated for all purposes as though the deposition was taken in these adversary proceedings. This would serve the interest of promoting the efficiency of discovery in these proceedings, while also minimizing its expense to the parties.

---

[1] To date, Eugenia has noticed the following depositions: Robert V. Glaser [Adv. Pro. D.I. 54]; Rule 30(b)(6) deposition of a corporate representative of AMC Investors, LLC [Adv. Pro. D.I. 55]; and Rule 30(b)(6) deposition of a corporate representative of AMC Investors II, LLC [Adv. Pro. D.I. 56]. For ease of reference, all docket entries refer only to Adv. Pro. No. 11-52318. The date of Glaser's deposition has been rescheduled by mutual agreement of the parties to May 7, 2013. The Adversary Defendants respectfully request that the relief sought in this Motion be applicable not only to the depositions already noticed by Eugenia, but also to any and all future depositions taken in the Adversary Proceedings.

3. Accordingly, the Adversary Defendants move the Court for a protective order limiting the scope of depositions in these proceedings to topics not previously covered in prior depositions and also providing that any deposition taken in any related litigation shall be treated for all purposes as though the deposition was taken in these adversary proceedings, and shall not be considered hearsay pursuant to Federal Rule of Evidence 804(b)(1)(B) if the witness is "unavailable" as defined in Federal Rule of Evidence 804(a).

## BACKGROUND

4. Involuntary bankruptcy proceedings were commenced against the Debtors on September 30, 2008: AMC Investors, LLC (Case No. 08-12264) and AMC Investors II, LLC (08-12265).

5. In 2011, Eugenia initiated these adversary proceedings relating to the May 2005 demise of AMC Computer Corp. ("**AMC Computer**"), that allegedly caused Eugenia to suffer losses on its credit facility to AMC Computer.

6. However, more than three years prior to the September 2008 proceedings,[2] identical allegations were raised by Eugenia against Messrs. Glaser and Reale as defendants (and by other parties against the Debtors, MapleWood Holdings LLC and MapleWood Management LP as third-party defendants), and disposed of on summary judgment (in defendants' favor), in federal court in the Southern District of New York. *See In re Eugenia VI Venture Holdings, Ltd. Litig.*, 649 F. Supp. 2d 105 (S.D.N.Y. 2008). The United States Court of Appeals for the Second Circuit affirmed that decision. Eugenia's petition for panel rehearing, or in the alternative, for

---

[2] As argued in the Adversary Defendants' Motion to Dismiss, all claims are therefore time barred by Delaware's three-year statute of limitations.

rehearing *en banc*, was then denied, putting an end to that litigation, and dismissing all claims of fraud and breach of fiduciary duty against Glaser and Reale.[3]

7. Eugenia's claims in the United States District Court for the Southern District of New York were hotly contested, with thousands of pages of discovery produced, numerous depositions taken, and extensive briefing on summary judgment, including a 170-page Statement of Material Facts. Judge Batts' summary judgment decision spanned 50 pages. The allegations in the adversary proceedings arise from the exact same facts underlying the claims asserted in the federal litigation and the extensive discovery that took place in that litigation.

8. In addition to the federal litigation, Adversary Defendants, Eugenia, and Eugenia's sister company Casita have previously been parties to various litigations related to the instant action (collectively, the "**Related Litigation**"). The Related Litigation includes the following actions:

  a. *In re Eugenia VI Venture Holdings Litigation*, Consolidated Case No. 05-CV-5277 (U.S. District Court for the Southern District of New York);
  b. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Index No. 603193/05 (New York Supreme Court, New York County);

---

[3] In the fifteen-plus cases that Eugenia and its sister company Casita LP ("**Casita**") have filed relating to these identical facts, Eugenia's only "victory" was to obtain a judgment against the Debtors on a guaranty, which underlies this involuntary bankruptcy proceeding. In that case, the Debtors conceded liability and the only issue was the amount of damages. After judgment was initially entered for Eugenia, the Debtors successfully appealed the judgment. After remand and a new trial, the New York state court awarded $10 million in damages, which the Debtors again appealed. That appeal remains pending and subject to the automatic stay because, shortly before oral argument was scheduled in October 2008, Eugenia filed these involuntary bankruptcy petitions rather than face certain defeat again in the New York Appellate Division. Because the Debtors are special-purpose holding companies who were contractually required by Eugenia to have no operations and no assets other than ownership of common stock in AMC Computer, the Debtors remain judgment proof. The only amount that Eugenia has collected on the underlying guaranty judgment is approximately $24,000 that remained forgotten in one of the Debtors' bank accounts, had escheated to the State of Florida, and was voluntarily turned over to Eugenia by the Debtors.

    c. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Case No. 06-24010-CA-01 (Florida Circuit Court in and for the Eleventh Judicial Circuit, Miami-Dade County);

    d. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Case No. 07-23246-CA-31 (Florida Circuit Court in and for the Eleventh Judicial Circuit, Miami-Dade County);

    e. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Case No. 05-CV-5362 (U.S. District Court for the Southern District of New York);

    f. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Index No. 602345/07 (New York Supreme Court, New York County);

    g. *In re General Assignment for the Benefit of Creditors of AMC Computer Corp.*, Index No. 510002/05 (New York Supreme Court, New York County);

    h. *In re AMC Investors LLC*, Case No. 08-12264 (U.S. Bankruptcy Court for the District of Delaware);

    i. *In re AMC Investors II, LLC*, Case No. 08-12265 (U.S. Bankruptcy Court for the District of Delaware);

    j. *Eugenia VI Venture Holdings, Ltd. v. MapleWood Equity Partners LP*, Index No. 600021/06 (New York Supreme Court, New York County);

    k. *Eugenia VI Venture Holdings, Ltd. v. MapleWood Equity Partners LP*, Case No. 07-CV-9417 (U.S. District Court, Southern District of New York);

    l. *Casita LP v. MapleWood Equity Partners (Offshore) Ltd.*, Consolidated Index No. 603525/05 (New York Supreme Court, New York County);

    m. *Casita LP v. MapleWood Equity Partners (Offshore) Ltd.*, Index No. 601824/06 (New York Supreme Court, New York County); and

    n. *Casita LP v. Glaser*, Index No. 600782/07 (New York Supreme Court, New York County).

Eugenia's New York counsel in the present action also served as its counsel, at least for some period of time, in most — if not all — of the Related Litigation.

    9. On February 7, 2013, Eugenia filed Notices of Depositions pursuant to Fed. R. Civ. P. 30(b)(6) of the Debtors. [Adv. Pro. D.I.'s 51, 52]. On March 19, 2013, Eugenia filed a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(1) of Robert V. Glaser, and Amended Notices of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) of the Debtors [Adv. Pro. D.I.'s 54, 55, and 56], copies of which are attached hereto as **Exhibits A-C**. The deposition of Robert V. Glaser is currently scheduled for May 7, 2013. *See* [Adv. Pro. D.I. 54]. Each of the Debtors' 30(b)(6) deposition notices contain twenty-seven (27) topics to be covered in the deposition. Mr. Glaser's deposition notice does not specify any topics for discussion.

10. In an effort to avoid the harassment, undue burden and expense inherent in allowing Eugenia and its counsel to depose the same individuals about the same topics that have been covered numerous times in the Related Litigation, counsel for the Adversary Defendants has attempted to globally resolve the issues between the parties regarding these depositions by proposing a Stipulation between the parties. The proposed Stipulation provided that all depositions in previous, related litigation would be treated for all purposes as though they were taken in the instant actions, and depositions in these adversary proceedings would be restricted as to questioning on matters that were already covered. By e-mail dated March 28, 2013, counsel for Eugenia rejected the Stipulation.

11. The Debtors have already been deposed by Eugenia in post-judgment discovery, and many topics included in the current deposition notices duplicate that discovery. Moreover, Mr. Glaser has twice been deposed — once in the Southern District of New York proceeding — where he has been questioned extensively, *inter alia*, about AMC Computer, the Debtors, and the Adversary Defendants' corporate structure. All the parties seem to agree that Mr. Glaser's deposition in these adversary proceedings should not cover the same questions asked in the federal litigation. *See* March 14, 2013 e-mail from Mitchell Karlan, Eugenia's counsel, to Brian Miller, the Adversary Defendants' counsel, attached as **Exhibit D** ("I have told you I won't ask any questions of Mr. Glazer [sic] that I have already asked him in the SDNY case.") But, Mr. Karlan's e-mail agreement does not go far enough. In connection with the Related Litigation, Eugenia and its counsel previously had the opportunity and similar motive to develop the testimony by direct, cross-, or redirect examination of the parties, third parties, and corporate representatives, which it now again seeks to depose, on the same topics. *See* [Adv. Pro. D.I.'s 55, 56]. As such, Eugenia's counsel's agreement to not cover the same questions previously

asked should extend to all other depositions in these adversary proceedings, including the Debtors 30(b)(6) notices, for which twenty-two (22) of the twenty-seven (27) topics were covered in prior depositions.

## RELIEF REQUESTED

12. By this Motion, the Adversary Defendants respectfully requests that the Court enter a protective order pursuant to Bankruptcy Rule 7026(c) and Local Rules 7026-1 and 7030-1 limiting the scope of depositions in these proceedings to topics not previously covered in prior depositions and also providing that any deposition taken in any related litigation shall be treated for all purposes as though the deposition was taken in these adversary proceedings, and shall not be considered hearsay pursuant to Federal Rule of Evidence 804(b)(1)(B) if the witness is "unavailable" as defined in Federal Rule of Evidence 804(a).

## BASIS FOR RELIEF

13. Fed. R. Civ. P. 26(c) provides, in pertinent part, that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. … The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]"

14. Where a party has previously had the opportunity to depose other parties to a litigation, the court has the authority to impose limitations on future depositions. *See, e.g.,* Fed. R. Civ. P. 26(c)(1)(D); *Willingham v. Ashcroft*, 226 F.R.D. 57, 66 (D.D.C. 2005) (limiting scope of deposition of a witness to matters on which he had not been previously questioned at a prior administrative hearing); *Flowers v. First Hawaiian Bank*, 289 F. Supp. 2d 1213, 1221-22 (D. Haw. 2003) (affirming magistrate judge's order limiting time for depositions and ordering that

depositions be taken in defendants' home cities "as reasonable, given that [the plaintiff] has had a chance to depose these witnesses previously."); *Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 519-20 (N.D. Okla. 2003) (granting motion for protective order regarding Rule 30(b)(6) notice of deposition, in part, because the notice was "cumulative and duplicative of prior discovery.") *See also Lobb v. United Air Lines, Inc.*, 2 F.3d 1157, at *1 (9th Cir. 1993) ("Even in cases when second depositions have been permitted, the district court often imposes the restriction that the second deposition not cover the same ground."); *Campbell v. American Fabrics Co.*, 3 F.R.D. 3, 3 (E.D.N.Y. 1943) ("While the issues may not be precisely those heretofore litigated, they are sufficiently similar to require that the testimony now to be taken shall not be repetitious of what has already been adduced.").

15. Moreover, in the federal litigation, Judge Batts conclusively ruled that there was no breach of fiduciary duty as to AMC Computer based on the exact same factual allegations here. *Eugenia VI*, 649 F. Supp. 2d at 123-126. The Debtors' sole asset was common stock in AMC Computer. Because the federal court found that the same facts alleged in the Adversary Complaints did not give rise to a breach of fiduciary duty at the AMC Computer level, there could be no breach of fiduciary duty at the holding company level of the Debtors. This is a double derivative litigation where any alleged breaches of fiduciary duty are based exclusively on alleged actions at the AMC Computer level. Where, like here, facts decided in an earlier case would have collateral estoppel effect, it is appropriate to bar further discovery into those matters. *See In re Wilcher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985).

16. Pursuant to this authority, the Adversary Defendants respectfully request that the Court enter a protective order regarding the depositions of Robert V. Glaser and the Debtors previously noticed by Eugenia, and all future depositions that may be noticed in the instant

action, limiting these depositions to topics not previously covered in depositions or discovery in any Related Litigation.  For the previously noticed Rule 30(b)(6) depositions of the Debtors, the Adversary Defendants respectfully request that these depositions be limited to topics 19, 20, 25, 26, and 27, listed in the deposition notices.  *See* [Adv. Pro. D.I.'s 55, 56].  These "new" topics seek information on pre- and post-petition control of claims held by the Debtors, including documents and communications regarding the Chapter 7 proceedings and/or the adversary proceedings.  The Adversary Defendants believe these matters were in fact covered in prior discovery, but in an effort at compromise would be willing to allow further questioning.

17. Finally, the Adversary Defendants respectfully request that any deposition taken in any Related Litigation be treated for all purposes as though the deposition were taken in these adversary proceedings, and shall not be considered hearsay pursuant to Federal Rule of Evidence 804(b)(1)(B) if the witness is "unavailable" as defined in Federal Rule of Evidence 804(a).  Such relief would allow all deposition testimony taken in the Related Litigation to be admissible in the instant action for all purposes allowable under Fed. R. Civ. P. 32.  Additionally, the use of deposition testimony of non-party witnesses would not be limited to the Court's determination that such non-party witness was "unavailable" in the instant action.  As contemplated by Fed. R. Civ. P. 32(a)(8), allowing the deposition testimony taken in the Related Litigation to be used in this proceeding would promote efficiency by saving the time, effort, and money of the litigants, all while expediting trial.  *See S.W. v. City of N.Y.*, No. CV 2009-1777(ENV)(MDG), 2010 WL 4791712, at *1 (E.D.N.Y. Nov. 18, 2010) (quoting *Baldwin-Montrose Chem. Co. v. Rothberg*, 37 F.R.D. 354, 356 (S.D.N.Y. 1964) (ordering that depositions taken in previous, related litigation would be freely admissible in the underlying proceeding because, "[the] relief is designed to avoid a needless waste of time, money and effort and to expedite the litigation."))

9

## LOCAL RULE 7026-1 CERTIFICATION

18. Pursuant to Local Rule 7026-1(c), counsel certifies that he has conferred with counsel for Eugenia in good faith in an attempt to resolve the issues raised in this motion without court action but has been unable to reach agreement on these matters.

## STATEMENT UNDER RULE 7012-1

19. The Adversary Defendants do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## CONCLUSION

WHEREFORE, adversary defendants MapleWood Holdings LLC, MapleWood Management LP, MapleWood Partners LP, Robert V. Glaser and Robert J. Reale respectfully request that the Court enter an Order (i) granting their motion for protective order and (ii) granting them such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 9, 2013

*/s/ Curtis S. Miller*
Curtis S. Miller, Esq. (Bar No. 4583)
Ann C. Cordo (Bar No. 4817)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
Email: acordo@mnat.com

and

Brian P. Miller, Esq.
AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: brian.miller@akerman.com

*Attorneys for MapleWood Holdings LLC,
MapleWood Management LP, MapleWood Partners
LP, Robert V. Glaser, and Robert J. Reale*

11