# **EXHIBIT C**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>**AMC INVESTORS, LLC,**<br><br>Debtor. | ) ) ) ) ) ) ) ) | Chapter 7<br><br>Case No. 08-12264 (CSS) |
| In re:<br><br>**AMC INVESTORS II, LLC,**<br><br>Debtor. | ) ) ) ) ) ) ) ) | Chapter 7<br><br>Case No. 08-12265 (CSS) |
| **EUGENIA VI VENTURE HOLDINGS, LTD., ON BEHALF OF AMC INVESTORS, LLC AND AMC INVESTORS II, LLC,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MAPLEWOOD HOLDINGS LLC, MAPLEWOOD MANAGEMENT LP, MAPLEWOOD PARTNERS LP, ROBERT V. GLASER, AND ROBERT J. REALE,**<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Pro. No. 11-52317 (CSS)<br><br>Adv. Pro. No. 11-52318 (CSS) |

### AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION
### OF AMC INVESTORS II, LLC

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiff Eugenia VI Venture Holdings, Ltd., on behalf of AMC

RLF1 8329976v.1

Investors, LLC and AMC Investors II, LLC, by and through its attorneys, will upon oral examination take the deposition of AMC Investors II, LLC, on a date and at a time to be determined, at the offices of Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 or at such other time and place as is mutually agreed upon. The deposition will take place under oath before a duly authorized notary public, or other person authorized by law to administer oaths, recorded by stenographic means by a court reporter, and by audio and visual means by a videographer, and will continue day-to-day thereafter until completed. LiveNote may be used during this deposition.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, AMC Investors II, LLC shall designate one or more of its officers, directors, managing agents, employees, or other persons most knowledgeable with respect to the Topics listed on Exhibit A, attached hereto. At least ten (10) days in advance of the scheduled deposition or 30 days from service of this Notice, whichever is earlier, AMC Investors II, LLC is requested to identify its designee or designees on the Topics listed on Exhibit A that each will cover.

You are invited to attend and cross-examine.

Dated: March 19, 2013
      Wilmington, Delaware

*[signature]*

Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
Cory D. Kandestin (No. 5025)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan
200 Park Avenue
50th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Jeremy L. Graves
1801 California Street
Suite 4200
Denver, Colorado 80202
Telephone: (303) 298-5700
Facsimile: (303) 298-5907

*Counsel for Eugenia VI Venture Holdings, Ltd. for and on behalf of debtors AMC Investors, LLC and AMC Investors II, LLC*

# Exhibit A

## DEFINITIONS

A. "Adversary Proceedings" shall mean the above-captioned adversary proceedings, Case Numbers 11-52317 (CSS) and 11-52318 (CSS), currently pending in the United States Bankruptcy Court for the District of Delaware.

B. "AMC Computer" shall mean and refer to AMC Computer Corp. and any of its predecessor or successor entities, either individually or in any combination, and its agents, attorneys, employees, officers, representatives, directors, consultants or others acting on its behalf.

C. "Borrowing Base Certificate" shall mean and refer to any borrowing base certificate, and all representations contained therein, provided by AMC Computer to Eugenia pursuant to the Loan Agreement.

D. "Chapter 7 Cases" shall mean and refer to the Debtors' involuntary bankruptcy proceedings, commenced on June 5, 2009 and currently pending in the United States Bankruptcy Court for the District of Delaware as Case Numbers 08-12264 (CSS) and 08-12265 (CSS).

E. "Chapter 7 Motion to Dismiss" shall mean and refer to that certain motion filed in the Chapter 7 Cases as Docket Number 12 in Case Number 08-12264 and Docket Number 10 in Case Number 08-12265, seeking to dismiss the Chapter 7 Cases.

F. "Communication" or "Communications" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by Documents (electronic, hard copy, or otherwise), or whether face-to-face, by telephone (including voicemail), mail, facsimile, personal delivery, overnight delivery, e-mail, text messages, or posting or other display on the Internet or Worldwide Web.

G. "Complaint" shall mean and refer to the complaint filed as Docket No. 1 in the Adversary Proceedings.

H.  "Concerning" shall mean supporting, refuting, undermining, mentioning, describing, regarding, constituting, containing, enumerating, pertaining to, in connection with, reflecting, referring to, based upon, stating or in any manner logically, factually, indirectly or directly, in whole or in part, or in any other way concerning the matter addressed in the request.

I.  "Debtors" shall mean and refer to AMC Investors, LLC and AMC Investors II, LLC and any of their predecessor or successor entities, either individually or in any combination, and their agents, attorneys, employees, officers, representatives, directors, consultants or others acting on their behalf.

J.  "Defendants" shall mean and refer to Robert V. Glaser, Robert J. Reale, Maplewood Holdings, LLC, Maplewood Management LP, Maplewood Partners LP, and any of those organizations' or individuals' predecessor or successor entities, either individually or in any combination, and their agents, attorneys, employees, officers, representatives, directors, consultants or others acting on their behalf.

K.  "Document" or "Documents" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including, but not limited to, all electronic, written or printed matter, information, Communication, or data of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any interlineation, receipt stamp, indication of copies sent or received, or other notation made on such copies or otherwise) and all graphic or manual records or representations of any kind, translated, if necessary, into a reasonably useable form.

L.  "Eugenia" shall mean and refer to Eugenia VI Venture Holdings, Ltd.

M.  "Judgment" shall mean the Amended Judgment in the amount of $10,710,455.00, dated July 18, 2007 and entered in Case Number 603193/2005 in the Supreme Court of the State of New York, County of New York.

2

N. "Loan Agreement" shall mean that certain Amended and Restated Credit Agreement, dated as of January 30, 2003, by and between AMC Computer and Eugenia (as amended, supplemented or otherwise modified).

O. "Motion to Dismiss" shall mean and refer to the motion to dismiss the Adversary Proceedings, filed as Docket No. 4 in the Adversary Proceedings, along with all related briefs and documents filed in support thereof.

P. "Person" shall mean and include any natural person, firm, association, joint venture, corporation, partnership, sole proprietorship, or other form of business organization.

Q. "Plaintiffs" shall mean and refer to AMC Investors, LLC, and AMC Investors II, LLC, by and through Eugenia VI Venture Holdings, Ltd.

R. "Rule 2004 Motion" shall mean that certain motion filed in the Chapter 7 Cases as Docket Number 35, seeking to authorize examination of the Debtors and the production of documents.

S. "Standing Motion" shall mean that certain motion filed in the Chapter 7 Cases as Docket Number 62, seeking to confer standing on Eugenia to prosecute the Adversary Proceedings.

T. "You" and "Your" shall mean and refer to AMC Investors II, LLC and any of its predecessor or successor entities, either individually or in any combination, and its agents, attorneys, employees, officers, representatives, directors, consultants or others acting on its behalf.

## TOPICS

### TOPIC NO. 1:

The relationship between You and the Defendants or between You and AMC Computer including, but not limited to: (a) the identities of the holders of equity interests in the Debtors; (b) the identities of the officers, managers, and directors of each of the Debtors and AMC Computer;

Case 11-53217-CSS    Doc 563    Filed 03/19/13    Page 7 of 13

(c) the composition of any committee of the board of directors of AMC Computer or the managing members of the Debtors; (d) the relationship between You and the directors, managers, members, and/or officers of the Debtors and/or AMC Computer; (e) the authority of the Defendants to appoint directors, managers, and/or officers of the Debtors and/or AMC Computer; and (f) the authority of the Debtors to appoint directors, managers, and/or officers of AMC Computer.

**TOPIC NO. 2:**

The holdings and/or assets of the Debtors.

**TOPIC NO. 3:**

The identity of any accountant who did any work at any time for, by, in connection with, on behalf of, or relating to the Debtors and/or AMC Computer, and any Documents and Communications referencing such accounting work.

**TOPIC NO. 4:**

The bank accounts or brokerage accounts of any entity doing business as or affiliated with Debtors.

**TOPIC NO. 5:**

Your knowledge of and/or response to the the financial condition of AMC Computer, including but not limited to: (a) the potential insolvency of AMC Computer; (b) the booking of accounts receivable by AMC Computer; (c) the Borrowing Base Certificates, including the circumstances surrounding the execution and delivery of each of them; (d) AMC Computer's compliance with the requirements of the Loan Agreement; (e) the financial statements of AMC Computer, including the circumstances surrounding the preparation of such statements; and (f)

4

customer payments to AMC Computer and the disposition of such payments or the proceeds thereof.

**TOPIC NO. 6:**

Any and all amounts of money paid to You from any Defendant, AMC Investors, LLC or AMC Computer.

**TOPIC NO. 7:**

Any and all amounts of money paid by You or on Your behalf to any Defendant, AMC Investors, LLC or AMC Computer.

**TOPIC NO. 8:**

Your use of AMC Investors, LLC's assets.

**TOPIC NO. 9:**

Your use of AMC Computer's assets.

**TOPIC NO. 10:**

Any contracts, agreements, written consents, or letters of intent between You and any Defendant, AMC Investors, LLC and/or AMC Computer.

**TOPIC NO 11:**

Any advance of moneys and/or other transaction between You and any Defendant, AMC Computer and/or AMC Investors, LLC.

**TOPIC NO. 12:**

Any Communications, written or oral, including but not limited to all telephone calls and correspondence, between You and (a) any Defendant, (b) AMC Investors, LLC, or (c) AMC Computer.

5

**TOPIC NO. 13:**

Any meetings between You and (a) any Defendant, (b), AMC Investors, LLC, or (c) AMC Computer.

**TOPIC NO. 14:**

Your knowledge of or contribution to AMC Computer's default or potential default under the Loan Agreement.

**TOPIC NO. 15:**

Any financial statements, projections, cash flow forecasts, pro formas, analyses, sales forecasts or budgets Concerning (a) the Debtors, or (b) AMC Computer, including but not limited to drafts of the same, that You have prepared or received.

**TOPIC NO. 16:**

Your knowledge of and/or response to the governance of AMC Computer, including but not limited to: (a) the number and quality of AMC Computer board meetings and any actions of the AMC Computer board, whether by resolution or otherwise; (b) the number and quality of meetings of the AMC Computer audit committee and any actions of the AMC Computer audit committee, whether by resolution or otherwise; (c) the process for convening a meeting of the board of directors or audit committee of AMC Computer; (d) any requests for a meeting of the board of directors or audit committee of AMC Computer; (e) any Documents or Communications prepared or received by Your in performing Your managerial duties to AMC Computer; and (f) Any management fees paid to any Person in connection with AMC Computer.

**TOPIC NO. 17:**

Your governance, including but not limited to: (a) the number and quality of Your board meetings and any actions of Your board, whether by resolution or otherwise; (b) the number and

quality of meetings of Your audit committee and any actions of Your audit committee, whether by resolution or otherwise; (c) the process for convening a meeting of Your board of directors or audit committee; (d) any requests for a meeting of Your board of directors or audit committee; and (e) any management fees paid to any Person in connection with the Debtors.

**TOPIC NO. 18:**

The Debtors' and/or the Defendants' oversight of AMC Computer's board and operations, including but not limited to: (a) any procedures for reporting information to the Debtors or the Defendants from AMC Computer; (b) any Communications between You and any Defendants, between You and AMC Computer, between You and AMC Investors, LLC, or between You and any third party Concerning the management or financial condition of AMC Computer; (c) the appointment of officers or directors of AMC Computer; (d) the failure of any AMC Computer officers or directors to adequately perform their functions; (e) the evaluation of any AMC Computer officer or director's performance; (f) the Debtors' or the Defendants' review of information related to AMC Computer, including its financial position and the actions and performance of its officers and directors.

**TOPIC NO. 19:**

The Defendants' pre-petition control of You, including but not limited to: (a) any potential causes of action held by You against any of the Defendants; (b) the Defendants' desire to avoid liability for the actions described in the Complaint before commencement of the Chapter 7 Cases; and (c) Your dispute of the entry of the Judgment.

**TOPIC NO. 20:**

The Defendants' post-petition control of You, including but not limited to: (a) the preparation and filing of the Chapter 7 Motion to Dismiss and all proceedings related thereto; (b)

7

the opposition to the Rule 2004 Motion and all proceedings related thereto; (c) the opposition to the Standing Motion and all proceedings related thereto (including the appeal thereof); (d) any potential causes of action held by You against any of the Defendants; (e) the Defendants' desire to avoid liability for the actions described in the Complaint after commencement of the Chapter 7 Cases; and (f) any efforts to recover assets of Your estate.

**TOPIC NO. 21:**

Any attorneys' fees to be paid by You or Your insurance providers.

**TOPIC NO. 22:**

The value of the Debtors' and/or AMC Computer's assets, including but not limited to the sale, purchase or valuation of those assets, and the impact that the breach of the Loan Agreement had on those values.

**TOPIC NO. 23:**

The solvency of AMC Computer and/or the Debtors.

**TOPIC NO. 24:**

Any agreements between You and any of the Defendants and all Documents and Communications Concerning any such agreement, including but not limited to any common interest or similar agreement, or any waiver or consent by one or more of the Defendants related to You or by You related to one or more of the Defendants.

**TOPIC NO. 25:**

Your Communications with Defendants' counsel.

RLF1 8329976v.1

**TOPIC NO. 26:**

Any agreement, consent, waiver or other Document and all Communications Concerning Your counsel's representation of one or more of the Defendants including in the Chapter 7 Cases and/or the Adversary Proceedings.

**TOPIC NO. 27:**

The Debtors' Documents or Communications, including but not limited to Documents or Communications subject to the Debtors' custody, possession and/or control, including but not limited to the identification of each electronic system on which any such Documents or Communications may be or have been transmitted and/or stored and the likely custodians of any such Documents or Communications.