# EXHIBIT A

{27517212;1}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 7 |
| AMC Investors, LLC, | ) Case No. 08-12264 (CSS) |
| Debtor. | ) |
| In re | ) Chapter 7 |
| AMC Investors II, LLC, | ) Case No. 08-12265 (CSS) |
| Debtor. | ) |

**EUGENIA VI VENTURE HOLDINGS, LTD'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Eugenia VI Venture Holdings, Ltd. ("Eugenia"), by and through its undersigned counsel, hereby requests pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure that the above-captioned debtors (the "Debtors") produce the documents designated below at the offices of Richards, Layton & Finger, P.A., One Rodney Square, 10th and King Streets, Wilmington, DE 19801, on or before _____, 2009.

**DEFINITIONS**

1.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including but not limited to any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, e-mail or other medium.

RLF1-3437453-3

2. The terms "concerning" and "in connection with" mean relating to, referring to, regarding, referencing, reflecting, describing, discussing, evidencing, supporting, indicating, stating, mentioning, embodying, pertaining to, setting forth, commenting on, assessing, recording, constituting, comprising, touching upon, summarizing or having any logical or factual connection whatsoever to the subject matter in question.

3. The term "Debtor" or "Debtors" means debtors AMC Investors LLC and AMC Investors II, LLC, individually or together, their predecessors or successors-in-interest, and all persons acting on their behalf.

4. The term "Debtors' Attorneys" means Stevens & Lee, P.C. and/or Ackerman Senterfitt, individually or together.

5. The term "Debtors' Cases" means the above-captioned bankrutpcy cases currently pending in the United States Bankruptcy Court for the District of Delaware.

6. The term "document" shall have the broadest meaning permitted by Fed. R. Bankr. P. 7034(a) and Fed. R. Civ. P. 34(a) and includes without limitation all communications, originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including but not limited to communications, letters, correspondence, telegrams, telexes, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or

compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("E-mail"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to any information contained in any computer, server, mainframe, or other storage device (including (i) information on or in computer memory, (ii) information on or in computer or network backup files, and (iii) information which has been "deleted" or "erased" but is recoverable) whether located on-site or at an off-site facility, within your possession, custody or control.

7. The term "Eugenia" means Eugenia VI Venture Holdings, Ltd.

8. The terms "person" or "persons" means natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and all other entities.

9. As the term "possession" pertains to web-sites the term includes but is not limited to electronic content that is posted either publicly or privately on web-sites in your possession, custody or control.

10. As the terms "possession" and "document" pertain to E-mail these terms include but are not limited to E-mail contained in your electronic E-mail directories containing:

        a.    "deleted" E-mails that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories;

        b.    "sent" E-mails, including all subdirectories irrespective of the title of such subdirectories;

        c.    "received" E-mails, including all subdirectories irrespective of the title of such subdirectories; and

        d.    E-mails stored in archives, tape back-ups, or other storage media.

11.    The term "Request" refers generically to any of the separate enumerated requests for production of documents and interrogatories.

12.    The term "Requests" refers to this Eugenia VI Venture Holdings, Ltd.'s First Request for Production of Documents.

## INSTRUCTIONS

13.    The use of the singular shall be deemed to include the plural, and the use of masculine, feminine or neutral gender shall include each gender, as appropriate in context.

14.    The terms "all," "any," "each," and "every" shall each be construed as all, any, each <u>and</u> every to bring within the scope of the Request or Requests all information that might otherwise be construed to be outside of its scope.

15.    The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all information that might otherwise be construed to be outside of its scope.

16.    Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

17. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

18. Please produce responsive documents as they have been kept in the usual course of business. Each document shall be produced in such fashion as to indicate clearly the identity of the file in which such document was located and the configuration in which such document was kept. If there is no document responsive to any particular Request, please so state in writing.

19. In the event that you interpose an objection to the Requests or a Request, you should clearly indicate to which part or portion of the Requests or Request the objection is directed and provide all documents to which objection is not made as if such part or portion were propounded as a separate Request.

20. You are to produce all documents in your possession, custody or control that are requested herein, and your answers to the interrogatories must include all information in your possession, custody or control. The term "possession, custody or control" includes actual possession by you, actual possession by you with another or constructive possession by you in that you are legally entitled or able to obtain actual possession from another person.

21. As the Requests relate to E-mail, you are to review the text of each individual E-mail (i.e. not simply review the subject heading or utilize an electronic search device). As the Requests relate to web-sites and other electronic information, you are to review the electronic content posted on web-sites in your possession, custody or control (i.e. not simply review the subject heading or utilize an electronic search device).

22. You are to preserve all electronic documents in your possession, which includes discontinuing any and all purging, deleting, erasing, overwriting or destroying of electronic documents in your possession irrespective of your normal business practice.

23. If any information requested herein is withheld under claim of privilege, or is not provided for whatever reason, you are requested at the time of responding to these Requests to (a) describe in detail the claim of privilege or other reason used to withhold the information and (b) identify all information by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted. You are further requested to provide all requested information that is not subject to a claim of privilege or other reason for non-production by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

24. If any of the requested information or documents were, but no longer are, in your possession or subject to your control, state whether such information or document: (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to any other person or entity or (d) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the disposition thereof and provide a description of the nature, content, date, author(s) and recipient(s) of the information or document.

25. Each Request is deemed to be continuing in nature. If additional information or documents are obtained or discovered or are brought to your attention between the time of responding to this Request and the final disposition of this matter, prompt supplementation of your response is hereby requested.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to identify all legal or equitable interests of the Debtors in property as of (i) September 30, 2008 and/or (ii) June 5, 2009.

2. Documents sufficient to identify the source of funds used (or to be used) to pay any of the Debtors' debts, obligations and/or liabilities of any kind whatsoever.

3. Documents sufficient to identify the source of funds used (or to be used) to pay Debtors' Attorneys for services rendered on behalf of Debtors by Debtors' Attorneys from and after (i) June 7, 2005 and/or (ii) September 30, 2008.

4. Documents sufficient to identify the (i) compensation paid to Debtors' Attorneys and (ii) reasonable value of the services rendered by the Debtors' Attorneys, each for the period of (i) September 30, 2007 through and including September 30, 2008 and (ii) June 5, 2008 through and including June 5, 2009, for services rendered or to be rendered in contemplation of or in connection with Debtors' Cases.

5. All documents referring or relating to any payment made by or on behalf of the Debtors from and after (i) September 30, 2008, (ii) September 30, 2007, (iii) September 30, 2006 and (iv) September 30, 2005, and all communications related thereto.

6. All documents referring or relating to any obligation incurred by or on behalf of the Debtors from and after (i) September 30, 2008, (ii) September 30, 2007, (iii) September 30, 2006 and (iv) September 30, 2005, and all communications related thereto.

7. Debtors' books and records, including but not limited to accounts payable, accounts receivable, bank account statements, financial records, board minutes, board resolutions, contracts, agreements, guaranties, engagement letters, tax returns and accountant or related work papers.

8. Documents sufficient to identify Debtors' efforts to preserve its books and records and/or electronic information from and after (i) June 7, 2005, (ii) September 30, 2008 and/or (iii) June 5, 2009 and all communications related thereto.

9. All documents referring or relating to Debtors' review, evaluation, consideration or analysis, of any kind whatsoever, of their potential or actual legal or other claims against any person or entity other than Eugenia, including but not limited to Debtors' claims against (i) their officers, directors, members and/or affiliates and/or (ii) third-parties, and all communications related thereto.

10. Documents sufficient to identify Debtors' members, partners and/or affiliates.

11. All agreements of any kind whatsoever by and between Debtors and their members, partners and/or affiliates, including but not limited to memorandum of understanding, contracts, guarantees, debts and obligations, and all communications related thereto.

12. All insurance policies in which Debtors have, or could have, a legal or equitable interest, as of (i) June 7, 2005, (ii) September 30, 2008 and/or (iii) June 5, 2009, and all communications related thereto.

13. All documents referring or relating to any request or demand by Debtors for coverage, payment and/or reimbursement under any insurance policy, guarantee or other agreement of any kind whatsoever, or Debtors' review, evaluation, consideration or analysis of any such request or demand, and all communications related thereto.

14. Documents sufficient to identify the individuals and/or entities that had the authority to make decisions on behalf of the Debtors as of (i) September 30, 2008 and/or (ii) June 5, 2009, and continuing thereafter.

15. Documents sufficient to identify the individuals and/or entities that made decisions on behalf of the Debtors as of (i) September 30, 2008 and/or (ii) June 5, 2009, and continuing thereafter.

16. All documents referring or relating to Robert Glaser, including but not limited to any payments or transfers of any kind whatsoever by the Debtors and/or their affiliates to Robert Glaser, and all communications related thereto.

17. All communications by and between any individuals and/or entities which have, or had, an interest in the Debtors.

Dated: November 6, 2009
       Wilmington, Delaware

                                       /s/ Marcos A. Ramos
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
Cory D. Kandestin (No. 5025)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Mitchell A. Karlan
Richard Falek
Rachel Castelino
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193

*Attorneys for Eugenia VI Venture Holdings, Inc.*