# EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>AMC INVESTORS, LLC,<br><br>　　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br><br>Case No. 08-12264 (CSS) |
| In re:<br><br>AMC INVESTORS II, LLC,<br><br>　　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br><br>Case No. 08-12265 (CSS) |
| EUGENIA VI VENTURE HOLDINGS,<br>LTD., ON BEHALF OF AMC<br>INVESTORS, LLC, and AMC<br>INVESTORS II, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>MAPLEWOOD HOLDINGS, LLC,<br>MAPLEWOOD MANAGEMENT LP,<br>MAPLEWOOD PARTNERS LP,<br>ROBERT V. GLASER, and ROBERT J.<br>REALE,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Pro. No. 11-52317<br><br>Adv. Pro. No. 11-52318 |

## DEFENDANTS MAPLEWOOD HOLDINGS, LLC, MAPLEWOOD MANAGEMENT LP, MAPLEWOOD PARTNERS LP, ROBERT V. GLASER AND ROBERT J. REALE'S RESPONSES TO PLAINTIFF, EUGENIA VI VENTURE HOLDINGS, LTD.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this

proceeding pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure, adversary

defendants MapleWood Holdings LLC, MapleWood Management LP, MapleWood Partners LP,

RECEIVED

MARK D. COLLINS

{25678160;2}

Robert V. Glaser and Robert J. Reale (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to the First Request for Production of Documents ("Request") propounded by adversary plaintiff Eugenia VI Venture Holdings, Ltd., purportedly on Behalf of AMC Investors, LLC, and AMC Investors II, LLC ("Plaintiff"), and served on January 11, 2013, as follows:

1.    Defendants will produce responsive non-privileged documents in their possession or custody, if any, subject to the limitations set forth below, at the offices of undersigned counsel for inspection and copying by Plaintiff at a mutually convenient time.

2.    Defendants object to each Request to the extent it seeks information or documents which were prepared for or in anticipation of litigation, constitute attorney work-product, contain or divulge attorney-client communications, contain confidential or proprietary business information, or are otherwise privileged.

3.    Defendants do not intend to disclose information that is privileged or is otherwise immune from discovery.  Disclosure of any information protected by the attorney-client privilege, joint-defense or common-interest privilege, work-product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent.  Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information nor shall such inadvertent disclosure waive or prejudice the right of Defendants to object to the use of any such information during this or any subsequent proceeding.

4.    The responses herein are based on the best information available to Defendants as of this date.  Defendants reserve the right to modify, amend and/or supplement these responses.

Defendants' response to any of Request shall not constitute an admission by them that the information is properly discoverable, or admissible at trial and shall not constitute a waiver of any objection which might otherwise be made to the disclosure of such information.

5.      By stating that documents will be made available for inspection, Defendants are not affirmatively representing that any responsive documents exist. Instead, the response means that Defendants will make responsive, non-privileged documents available for inspection if there are such documents in their possession.

6.      Defendants object to the "Definitions and Instructions" to the extent that they purport to impose obligations beyond those provided for by applicable rules of civil procedure or law, including but not limited to the Local Rules for the U.S. Bankruptcy Court for the District of Delaware.

7.      Defendants object to each Request to the extent that it seeks documents that are not within Defendants' possession, custody or control.

8.      Defendants object to each Request to the extent it seeks documents previously provided or available to Plaintiff in this case or through the ordinary course of the parties' business relationship, including but not limited to having been previously provided in response to discovery in the following cases (the "Related Litigation"):

      a.  *In re Eugenia VI Venture Holdings Litigation*, Consolidated Case No. 05-CV-5277 (U.S. District Court for the Southern District of New York);

      b.  *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Index No. 603193/05 (New York Supreme Court, New York County);

c. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Case No. 06-24010-CA-01 (Florida Circuit Court in and for the Eleventh Judicial Circuit, Miami-Dade County);

d. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Case No. 07-23246-CA-31 (Florida Circuit Court in and for the Eleventh Judicial Circuit, Miami-Dade County);

e. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.,*, Case No. 05-CV-5362 (U.S. District Court for the Southern District of New York);

f. *Eugenia VI Venture Holdings, Ltd. v. AMC Investors LLC, et al.*, Index No. 602345/07 (New York Supreme Court, New York County);

g. *In re General Assignment for the Benefit of Creditors of AMC Computer Corp.*, Index No. 510002/05 (New York Supreme Court, New York County);

h. *In re AMC Investors LLC*, Case No. 08-12264 (U.S. Bankruptcy Court for the District of Delaware);

i. *In re AMC Investors II, LLC*, Case No. 08-12265 (U.S. Bankruptcy Court for the District of Delaware);

j. *Eugenia VI Venture Holdings, Ltd. v. MapleWood Equity Partners LP*, Index No. 600021/06 (New York Supreme Court, New York County);

k. *Eugenia VI Venture Holdings, Ltd. v. MapleWood Equity Partners LP*, Case No. 07-CV-9417 (U.S. District Court, Southern District of New York);

l. *Casita LP v. MapleWood Equity Partners (Offshore) Ltd.*, Consolidated Index No. 603525/05 (New York Supreme Court, New York County) (the "Capital Call Litigation");

m.  *Casita LP v. MapleWood Equity Partners (Offshore) Ltd.*, Index No. 601824/06
(New York Supreme Court, New York County) (the "Casita Books & Records
Litigation");

n.  *Casita LP v. MapleWood Equity Partners (Offshore) Ltd.*, Index No. 600782/07
(New York Supreme Court, New York County) (the "Derivative Litigation");

Notwithstanding such objection, however, Defendants do not object to producing any non-
privileged responsive documents that were uniquely produced in the Capital Call Litigation, the
Casita Books & Records Litigation, or the Derivative Litigation, in which Gibson Dunn &
Crutcher was not counsel of record.

9.      Defendants object to each Request to the extent that it seeks information that is
irrelevant to the issues presented in this case.

10.     Defendants object to each Request to the extent that it seeks information prior to
September 1, 2002, because requests for documents outside this time frame would be unduly
burdensome, overly broad, and not relevant nor reasonably calculated to lead to the discovery of
admissible evidence.

11.     Defendants object to each Request to the extent that it creates an undue burden on
them to respond, especially in light of the concerted campaign by Casita and its affiliate, Eugenia
VI Venture Holdings, Ltd., to harm Defendants' business and increase litigation expense in order
for Casita/Eugenia to gain an unfair tactical advantage in other related litigation between the
parties and their affiliates.

12.     In providing these responses to the Request, Defendants interpose the following
General Objections: (i) all objections as to competency, relevancy, materiality and admissibility;
(ii) all rights to object on any ground to the use of any of the responses herein or documents to be

produced hereunder in any subsequent proceedings, including the trial of this or any other action; (iii) all objections as to the Request being burdensome, overbroad, vague and ambiguous; and (iv) all rights to object on any ground as to further or other discovery requests involving or related to the Request.

13.    All of these general objections shall be deemed continuing throughout the responses to the specific items of the Request that follow, even when not further referred to in said responses.  The failure to note the application of the general objections is not a waiver of these general objections with respect to any Request.  Defendants also reserve the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.  Finally, Defendants reserve the right to supplement their responses in the future and rely upon any such supplemental responses.

Without waiver of any of the foregoing objections, Defendants respond and specifically object to the Request as follows:

## SPECIFIC RESPONSES

1.    **All Documents and Communications that state, explain, describe, Concern or reflect the relationship (including but not limited to the complete legal relationship) between each Defendant and the Debtors or between each Defendant and AMC Computer including, but not limited to:  (a) charts or other Documents Concerning the Defendants' and the Debtors' organizational structures; (b) the Debtors', Defendants', and AMC Computer's Articles of Incorporation and/or LLC Agreements, by-laws, and other similar constituent documents; (c) copies of all resolutions of the board of directors or managing member(s) of AMC Computer and the Debtors; (d) a list of all holders of an equity interest in the Debtors at any time from January 1, 2000 to the present; (e) a list of all of the officers, managers, and**

directors of each of the Debtors and AMC Computer from January 1, 2000 to the present; (f) a list of the composition of any committee of the board of directors of AMC Computer or the managing members of the Debtors from January 1, 2000 to the present (g) all Documents and Communications Concerning the relationship between Defendants Robert Glaser and/or Robert Reale and the directors, managers, members, and/or officers of the Debtors and/or AMC Computer; (h) Communications between the Debtors and the Debtors' or the Defendants' counsel Concerning such relationship; (j) Documents constituting the Debtors' attorneys' work product Concerning such relationships; (k)    Documents and Communications Concerning the authority of the Defendants to appoint directors, managers, and/or officers of the Debtors and/or AMC Computer; and (l) Documents and Communications Concerning the authority of the Debtors to appoint directors, managers, and/or officers of AMC Computer.

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad.  Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense.  Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges.  Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff.  Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

2.    **All Documents and Communications Concerning the holdings and/or assets of the Debtors.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

3.    **All Documents Concerning the identity (including but not limited to the name, address, and telephone number) of any accountant who did any work at any time for, by, in connection with, on behalf of, or relating to AMC Computer or the Debtors, and all Documents and Communications referencing such accounting work including Documents which may constitute the Debtors' attorneys' work product.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection,

joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

    4.    **All Documents Concerning any bank accounts or brokerage accounts of any entity doing business as or affiliated with AMC Computer or the Debtors since 2003, including but not limited to bank statements, bank notices, and Documents Concerning all account numbers, the names of the banking institutions, their addresses, and telephone numbers.**

    <u>**Response:**</u>    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

5.    All Documents and Communications Concerning the financial condition of AMC Computer, including but not limited to: (a) Documents and Communications Concerning the potential insolvency of AMC Computer; (b) Documents and Communications Concerning the booking of accounts receivable by AMC Computer; (c) Documents and Communications Concerning the Borrowing Base Certificates, including copies of each Borrowing Base Certificate; (d) Documents and Communications Concerning AMC Computer's compliance with the requirements of the Loan Agreement; (e) all financial statements of AMC Computer and Documents and Communications Concerning such statements; and (f) Documents and Communications Concerning customer payments to AMC Computer and the disposition of such payments or the proceeds thereof.

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

6.    **All Documents and Communications Concerning any and all amounts of money paid to any Defendant from any of the Debtors or AMC Computer.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again, and further undertake to produce schedules of management, advisory, and other fees paid to MapleWood Partners LP by AMC Computer that were produced in the Derivative Litigation.

7.    **All Documents and Communications Concerning any and all amounts of money paid to the Debtors from AMC Computer or to AMC Computer from any of the Debtors.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection,

joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

8.    **All Documents and Communications Concerning any of the Defendants' use of the Debtors' or AMC Computer's assets.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

9.    **All Documents and Communications Concerning the Debtors' use of AMC Computer's assets.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the

ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that, to the best of their knowledge, no responsive documents exist; as Plaintiff contractually required, the Debtors had no operations other than holding common stock in AMC Computer.

10.    **All contracts, agreements, written consents, or letters of intent and all Documents and Communications Concerning all contracts, agreements, written consents, or letters of intent between any Defendant and the Debtors and/or AMC Computer.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in

the Related Litigation and will not be produced again, provided, however, that in an abundance of caution, Defendants will produce all management or advisory services agreements between MapleWood Partners LP and AMC Computer.

11.    **All Documents and Communications Concerning any advance of moneys and/or other transaction between any Defendant and AMC Computer and/or between any Defendant and the Debtors.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again, and further undertake to produce schedules of management, advisory, and other fees paid to MapleWood Partners LP by AMC Computer that were produced in the Derivative Litigation.

12.    **All Documents evidencing all Communications, written or oral, including but not limited to all telephone calls and correspondence, between any Defendant and (a) the Debtors, or (b) AMC Computer.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad.  Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense.  Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges.  Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff.  Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

13.    **All Documents and Communications Concerning any meetings between any Defendant and (a) the Debtors, or (b) AMC Computer.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad.  Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense.  Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges.  Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff.  Subject to and without waiving their specific and General

Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

14.    **All Documents and Communications Concerning the Defendants' knowledge of or contribution to AMC Computer's default or potential default under the Loan Agreement.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

15.    **All Documents and Communications Concerning any financial statements, projections, cash flow forecasts, pro formas, analyses, sales forecasts or budgets Concerning (a) the Debtors, or (b) AMC Computer, including but not limited to drafts of the same, that You have prepared or received.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable

burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

16. **All Documents and Communications Concerning AMC Computer's governance, including but not limited to: (a) any Documents or Communications Concerning the number and quality of AMC Computer board meetings held since January 1, 2000; (b) any Documents or Communications Concerning any AMC Computer audit committee meeting; (c) any minutes of any meeting of the board of directors or audit committee of AMC Computer; (d) any Documents or Communications Concerning the process for convening a meeting of the board of directors or audit committee of AMC Computer; (e) any Documents or Communications Concerning any request for a meeting of the board of directors or audit committee of AMC Computer; (f) any Documents or Communications prepared or received by Defendants in performing their managerial duties to AMC Computer; and (g) Documents or Communications Concerning any management fees paid to any Person in connection with AMC Computer.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable

burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

17.    **All Documents and Communications Concerning the Debtors' governance, including but not limited to: (a) any Documents or Communications Concerning the number and quality of the Debtors board meetings held since January 1, 2000; (b) any Documents or Communications Concerning any meeting of the Debtors' audit committee; (c) any minutes of any meeting of the board of directors or audit committee of the Debtors; (d) any Documents or Communications Concerning the process for convening a meeting of the board of directors or audit committee of the Debtors; (e) any Documents or Communications Concerning any request for a meeting of the board of directors or audit committee of the Debtors; (f) any Documents or Communications prepared or received by Defendants in performing their managerial duties to the Debtors; and (g) Documents or Communications Concerning any management fees paid to any Person in connection with the Debtors.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of

information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Defendants further object that Plaintiff required the Debtors to have no operations or assets other than holding common stock in AMC Computer, so it is likely that no responsive documents even exist. However, in an abundance of caution, and subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

18.    **All Documents and Communications Concerning the Debtors' and/or the Defendants' oversight of AMC Computer's board and operations, including but not limited to: (a) any procedures for reporting information to the Debtors or the Defendants from AMC Computer; (b) any Communications between the Debtors, between the Defendants, between any Defendant and AMC Computer, between any Debtor and AMC Computer, between any Debtor and any third party, or between any Defendant and any third party Concerning the management or financial condition of AMC Computer; (c) any Documents or Communications Concerning the appointment of officers or directors of AMC Computer; (d) any Documents or Communications Concerning the failure of any AMC Computer officers or directors to adequately perform their functions; (e) any Documents or Communications Concerning the evaluation of any AMC Computer officer or director's performance; (f) any Documents or Communications Concerning the Debtors' or the**

Defendants' review of information related to AMC Computer, including its financial position and the actions and performance of its officers and directors.

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

19.    **All Documents and Communications Concerning the Defendants' pre-petition control of the Debtors, including but not limited to: (a) any Documents or Communications Concerning any potential causes of action held by the Debtors against the Defendants, including Communications with Debtors' counsel and Documents which may constitute the Debtors' attorneys' work product; (b) any Documents or Communications Concerning Defendants' desire to avoid liability for the actions described in the Complaint before commencement of the Chapter 7 Cases; and (c) any Documents or Communications Concerning the Debtors' dispute of the entry of the Judgment, including Communications with Debtors' counsel and Documents which may constitute the Debtors' attorneys' work product.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad.  Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense.  Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges.  Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff.  Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

20.    **All Documents and Communications Concerning the Defendants' post-petition control of the Debtors, including but not limited to: (a) any Documents or Communications Concerning the Chapter 7 Motion to Dismiss and all proceedings related thereto, including Communications with Debtors' counsel and Documents which may constitute the Debtors' attorneys' work product; (b) any Documents or Communications Concerning the Rule 2004 Motion and all proceedings related thereto, including Communications with Debtors' counsel and Documents which may constitute the Debtors' attorneys' work product; (c) any Documents or Communications Concerning the Standing Motion and all proceedings related thereto (including the appeal thereof), including Communications with Debtors' counsel and Documents which may constitute the Debtors' attorneys' work product; (d) any Documents or Communications Concerning any causes of action held by the Debtors against the Defendants, including Communications with Debtors' counsel and Documents which may**

constitute the Debtors' attorneys' work product; (e) any Documents or Communications Concerning Defendants' desire to avoid liability for the actions described in the Complaint after commencement of the Chapter 7 Cases; and (f) any Documents or Communications Concerning efforts to recover assets of the Debtors' estates, including Communications with Debtors' counsel and Documents which may constitute the Debtors' attorneys' work product.

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff.  Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

21.    **All Documents and Communications Concerning any attorneys' fees to be paid by the Debtors or the Debtors' insurance providers.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-

defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that, to the best of their knowledge, no responsive documents exist.

22.   **All Documents and Communications Concerning the value of the Debtors' and/or AMC Computer's assets, including but not limited to the sale, purchase or valuation of those assets, and the impact that the breach of the Loan Agreement had on those values.**

**Response:**   In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

23.   **All Documents and Communications concerning the solvency of AMC Computer or the Debtors.**

**Response:**   In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the

ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again; provided, however, that in an abundance of caution, Defendants will produce Plaintiff's complaints against the Defendants from the underlying federal action and the decisions of both the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Second Circuit, which findings have *res* judicata effect in this litigation.

24.   **All Documents the Defendants relied upon in preparing their Motion to Dismiss.**

**Response:**   In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again;

provided, however, that in an abundance of caution, Defendants will produce Plaintiff's complaints against the Defendants from the underlying federal action and the decisions of both the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Second Circuit, which findings have *res* judicata effect in this litigation.

25.    **All agreements between any of the Defendants and the Debtors and all Documents and Communications Concerning any such agreement, including but not limited to any common interest or similar agreement or any waiver or consent by the Debtors related to any of the Defendants.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad.  Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense.  Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges.  Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff.  Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

26.    **All Documents and Communications Concerning any agreement between or among any of the Defendants relating to the Adversary Proceedings, Debtors or Debtors' bankruptcy cases.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges.

27.    **All Documents prepared by Debtors' counsel at any time, including drafts and Documents that constitute attorney work product.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

28.    **All Communications with Debtors' counsel.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Subject to and without

waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again.

29.    **All Documents Defendants intend to rely upon, introduce or otherwise use including to defend against the allegations raised in the Complaint, or at any deposition, hearing or trial in the Adversary Proceedings.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again; provided, however, that in an abundance of caution, Defendants will produce Plaintiff's complaints against the Defendants from the underlying federal action and the decisions of both the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Second Circuit, which findings have *res* judicata effect in this litigation.

30.    **All documents evidencing, referring or relating to any defense that you intend to assert in the Adversary Proceedings.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges. Defendants further object to producing any documents previously in the custody and control of AMC Computer, which Plaintiff now has in its possession, custody, or control as a result of AMC Computer's Assignment for the Benefit of Creditors to Plaintiff. Subject to and without waiving their specific and General Objections, Defendants state that non-privileged responsive documents already were produced in the Related Litigation and will not be produced again; provided, however, that in an abundance of caution, Defendants will produce Plaintiff's complaints against the Defendants from the underlying federal action and the decisions of both the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the Second Circuit, which findings have *res* judicata effect in this litigation.

31.    **All Documents that substantiate Plaintiffs' claims as alleged in the Complaint.**

**Response:**    In addition to the General Objections set forth above, Defendants object to this request because it is vague and overbroad. Defendants further object to this request on the ground that it seeks information the production of which would cause Defendants unreasonable burden or expense. Defendants further object to this request to the extent it calls for production of information subject to the attorney-client communication privilege, work-product protection, joint-defense or common-interest privilege, or other applicable privileges.

Dated: February 11, 2013
Wilmington, Delaware

Respectfully submitted,


/s/ Curtis S. Miller
Curtis S. Miller (Bar No. 4583)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: CMiller@MNAT.com

and

AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Attn: Brian P. Miller, Esq.

*Attorneys for MapleWood Holdings, LLC,
MapleWood Management LP, MapleWood Partners
LP, Robert V. Glaser, and Robert J. Reale*