## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| AMC Investors, LLC, | ) | Case No. 08-12264 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re | ) | Chapter 7 |
| | ) | |
| AMC Investors II, LLC, | ) | Case No. 08-12265 (CSS) |
| | ) | |
| Debtor. | ) | |
| EUGENIA VI VENTURE HOLDINGS, LTD. ON | ) | |
| BEHALF OF AMC INVESTORS, LLC AND | ) | Adv. Pro. No. 11-52317 |
| AMC INVESTORS, II, LLC, | ) | |
| | ) | **Re: D.I. 97, 101** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. Pro. No. 11-52318 |
| | ) | |
| MAPLEWOOD HOLDINGS LLC, MAPLEWOOD | ) | **Re: D.I. 76** |
| MANAGEMENT LP, MAPLEWOOD | ) | |
| PARTNERS LP, ROBERT V. GLASER, AND | ) | |
| ROBERT J. REALE, | ) | |
| | ) | |
| Defendants. | ) | |

## AKERMAN LLP'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA IN ADVERSARY PROCEEDING AND INCORPORATED MEMORANDUM OF LAW

Akerman LLP ("**Akerman**")[1] hereby files its Reply in Support of Its Motion for Protective Order and/or Motion to Quash Subpoena in Adversary Proceeding and Incorporated Memorandum of Law (the "**Reply**"). In support of this Reply, Akerman states as follows:

---

[1] Akerman was formerly known as Akerman Senterfitt.

{27565278;1}

# I.  INTRODUCTION

In its Opposition to Akerman's Motion for Protective Order (the "**Motion for Protective Order**") [D.I. 97],[2] Eugenia continues its quest to obtain a sub-set of documents to which is it not entitled:  documents relating to the defense of the Bankruptcy Proceeding and/or the Guaranty Litigation.  As set forth in the Motion for Protective Order, Akerman objected to producing these documents because:  (a) the Court has already ruled that Eugenia is not entitled to them; (b) the documents are protected by the joint defense privilege; (c) the documents are protected work product; and (d) the requests for the documents are unduly burdensome.

As more fully briefed in the Motion for Protective Order and Defendants' Response in Opposition to Eugenia's Motion to Compel [D.I. 102],[3] Akerman's objections are fully-warranted because regardless of any waiver of privilege by the Chapter 7 Trustee, Eugenia is a directly adverse party and is not entitled to review these protected documents – even if the Chapter 7 Trustee may be entitled to access them.[4]  As such, this Court should grant Akerman's Motion for Protective Order.

---

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion for Protective Order and/or Defendants' Response in Opposition to Plaintiff's Corrected Motion (I) to Compel Documents and Testimony; and (II) for Sanctions and Incorporated Memorandum of Law.

[3]  In lieu of re-hashing all the exact same arguments that have already been asserted by Defendants and Akerman with respect to these discovery issues, Akerman fully adopts and reasserts the arguments set forth in the Motion for Protective Order and Defendants' Response in Opposition to Eugenia's Motion to Compel [D.I. 102].  To avoid repetitive briefing, Akerman will utilize this Reply to provide a summary of the main rebuttal points for each of the areas Eugenia has addressed in its Opposition Brief.  At approximately 3:30 p.m. on December 4, 2013 – the date this Reply was due, Eugenia filed its Reply in Support of its Motion to Compel, and as a part of that filing, Eugenia attached a recent email it obtained from the Chapter 7 Trustee's counsel in which the Trustee's counsel stated that the Trustee has waived all privileges, including joint privilege and work product protection.  To the extent that the Trustee actually intends to waive all privileges, Akerman still contends that the Trustee may be entitled to review the privileged documents, but that production of such privileged documents to Eugenia continues to be inappropriate.

[4]  Akerman reserves, and does not waive, any and all rights, privileges, protections, immunities, and defenses with respect to any discovery request the Chapter 7 Trustee may direct to Akerman.

## II. <u>ARGUMENT</u>

**A.    AKERMAN'S RELIANCE UPON THIS COURT'S RULING IN THE 2004 DISCOVERY DISPUTE IS APPROPRIATE.**

As more fully briefed in the Motion for Protective Order and Defendants' Response in Opposition to Eugenia's Motion to Compel, this Court has *already ruled* that Eugenia is not entitled to the Debtors' documents relating to the defense of the Bankruptcy Proceeding and/or the Guaranty Litigation:

> Let's start with the documents that have been reviewed by the debtor and the real open issues I feel there are whether Eugenia should receive the documents, the attorney/client documents or the litigation file in connection with the judgment litigation and the defense of the involuntary.
>
> ***Because of the ongoing litigation, I believe that producing those documents to Eugenia is not appropriate.***

*See* Transcript of Hearing on April 26, 2010 (the "**Transcript**") at p. 30 (emphasis added).  A copy of the Transcript is attached Akerman's Motion for Protective Order as Exhibit "A."

Nothing has changed since the Rule 2004 hearing.  At the hearing, the Court acknowledged that Eugenia was essentially acting on behalf of the Debtors; Eugenia is still acting in that capacity (notwithstanding the pending Guaranty lawsuit which establishes that Eugenia's interests are really not aligned with Debtors).  *See* Transcript, at 13:13-16 (the Court noted that "Eugenia [is] acting under [Rule] 2004, in effect, on behalf of the estate").  Even so, this Court declined to allow Eugenia access to these documents, presumably because the Guaranty Lawsuit that Eugenia is prosecuting against the Debtors – and which undisputedly establishes that its interests are not aligned with Debtors – is not over; [5] neither is the Bankruptcy Proceeding.

---

[5]   The Guaranty Lawsuit is currently on appeal, and the appeal is currently stayed as a result of the filing of the instant involuntary bankruptcy proceedings.

Eugenia wastes this Court's time, and the parties' time, when it persists in its efforts to circumvent this Court's prior ruling and obtain documents that it is not entitled to obtain due to the ongoing litigation Eugenia filed against the Debtors. Akerman is properly abiding by this Court's ruling, and Akerman should not be required to produce these documents.

**B.     DESPITE ANY WAIVER BY THE TRUSTEE, EUGENIA IS STILL NOT ENTITLED TO OBTAIN DOCUMENTS PROTECTED BY THE JOINT PRIVILEGE AND THE WORK PRODUCT DOCTRINE.**

Eugenia next contends that the Debtors are entitled to the joint privileged and work product protected documents in Akerman's possession, custody or control because the Debtors are now adverse to the Defendants (i.e., the parties to the joint defense arrangement). Eugenia continues to argue that it is the "Debtors" seeking the documents, and not Eugenia. This line in the sand is a farce; there is no doubt that it is *Eugenia* that will receive and review any work product protected documents. Eugenia is clearly the real party in interest, and Eugenia's attorneys – the same attorneys who have sued the Debtors in the Guaranty Litigation – will review the protected documents they seek to compel from Akerman. As more fully briefed in Defendants' Response in Opposition to Eugenia's Motion to Compel, Eugenia may not use this adversary proceeding to obtain privileged documents which it would not be entitled to obtain on its own accord.

**1.     Eugenia is Not Entitled to Joint Privilege Documents**

Eugenia is not, and has never been, a party to the joint representation with respect to the requested documents. To the contrary, Eugenia is a clear adversary of the Debtors and Defendants in multiple lawsuits. Thus, even if the Trustee intends, as his counsel's recent email

suggests,[6] to waive the joint privilege, this waiver only permits the Chapter 7 Trustee, not Eugenia, to obtain and review the documents subject to the joint privilege with the Defendants.

In fact, the Chapter 7 Trustee would not be permitted to disclose those documents to third parties, particularly not third parties in directly adverse litigation with the parties to the joint representation. *See Fogel v. Zell (In re Madison Mgmt. Group, Inc.)*, 212 B.R. 894, 897-98 (Bankr. N.D. Ill. 1997) (refusing to allow a trustee to disclose privileged documents jointly privileged between a debtor and its parent to a third party). This is especially true where, as here, none of the other parties to the joint defense arrangement have waived the privilege. *See Magnetar, Techs. Corp. v. Six Flags Theme Park, Inc.*, 886 F. Supp. 2d 466, 479 (D. Del. 2012) ("Waiving the joint privilege requires the consent of all joint clients.").

Given that the Chapter 7 Trustee cannot waive the joint privilege under this set of facts, and that Akerman's production of these documents to Eugenia would require handing over privileged documents to a third-party that is directly adverse to the Debtors, and adverse to other parties to the joint defense privilege, it would be entirely inappropriate for Akerman to produce these documents. *See Fogel*, 212 B.R. at 897-98 (refusing to allow a trustee to disclose privileged documents jointly privileged between a debtor and its parent to a third party).

## 2. Eugenia is not Entitled to Work Product Documents

Even if the Chapter 7 Trustee intends to waive the work product protection, this still does not entitle Eugenia, or its counsel, to obtain or review the documents because Eugenia seeks work product relating to the Guaranty Litigation and Bankruptcy Proceeding, which are ongoing lawsuits in which Eugenia and the Debtors and Defendants are directly adverse. In this scenario,

---

[6] The Trustee's counsel's email was sent to Eugenia's counsel on December 2, 2013, obviously in response to Eugenia's request for such a waiver to aid in this discovery dispute. Up until Akerman and/or Defendants received this email as part of Eugenia's December 4, 2013 filing, the Trustee had never indicated that he intended to waive the joint privilege or the work product protection. In fact, at the Rule 2004 hearing, the Trustee's counsel made it clear that the Trustee intended to respect the joint privilege. *See* Transcript at 22:6-16.

Eugenia is not entitled to these documents. *See, e.g.*, *Foster v. Hill (In re Foster)*, 188 F.3d 1259 (10th Cir. 1999) (recognizing that a bankruptcy trustee would not be entitled to work product from a debtor's attorney if the trustee was adverse to the debtor in any way relevant to the work-product doctrine); *In re Rice*, 224 B.R. 464, 472 (Bankr. D. Or. 1998) (refusing a chapter 7 trustee's demand for the turnover of an attorney's work product when the trustee and debtor held adversarial positions). At best, the Chapter 7 Trustee may be entitled to obtain and/or review the documents, not Eugenia.

Akerman is not required to – and cannot – turn over its clients' work product protected documents to a directly adverse third-party, especially where this Court has already ruled that Eugenia is not entitled to these documents.[7] *See, e.g.*, *Foster*, 188 F.3d at 1259; *In re Rice*, 224 B.R. at 472.

## C.      THE SUBPOENA REQUESTS ARE BURDENSOME.

While Eugenia casually dismisses Akerman's argument that the Subpoena Requests are unduly burdensome, the production of all Akerman files relating to the Debtors – including documents relating to the defense of the Bankruptcy Proceeding and/or the Guaranty Litigation – would be expensive and time consuming. Although Akerman refuses to concede Eugenia's entitlement to *any* of these documents, to the extent the Court orders production of any Akerman files, Akerman requests that Eugenia be required to pay for all costs related to review and production.

---

[7]  Eugenia also claims that Akerman is sitting on a sub-set of documents unrelated to the defense of the Guaranty Lawsuit and the Bankruptcy Proceeding. That is not true. As Eugenia well knows, the Debtors were special purpose entities created for the sole purpose of holding stock in AMC Computer; Eugenia required the Debtors to not do any other business or hold any other assets. Therefore, the Debtors' only documents, as pertaining to Akerman, relate to the defense of the Guaranty Lawsuit and the Bankruptcy Proceeding.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order: (a) granting Akerman's Motion for Protective Order; and (b) granting any further relief that the Court deems just and necessary.

Dated:  December 4, 2013
        Wilmington, Delaware

Respectfully submitted,

*/s/ Curtis S. Miller*
Curtis S. Miller (Bar No. 4583)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
Email: CMiller@MNAT.com

and

AKERMAN LLP (f/k/a Akerman Senterfitt)
One Southeast Third Avenue, 25th Floor
Miami, FL  33131-1714
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095
Attn: Brian P. Miller, Esq.

*Attorneys for MapleWood Holdings, LLC,
MapleWood Management LP, MapleWood Partners
LP, Robert V. Glaser, and Robert J. Reale*